IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ALEX JORDAN and ANNIE H. JORDAN,

    Plaintiff,

v.                                CASE NO.: 4:08cv559-SPM

COUNTRYWIDE FINANCIAL CORP,
a foreign corporation, and
BANK OF NEW YORK, As Trustee for
the Certificate Holders CW ABS, Inc., Asset
Backed Certificates, Series 2005-BC5,

    Defendants.
_____/

## ORDER DENYING MOTION TO REMAND

This cause comes before the Court on Plaintiffs' Motion to Remand on grounds of untimeliness. Doc. 3. For the following reasons, the motion to remand will be denied.

1.    Defendant Countywide received service of the complaint on October 16, 2008, and Defendant Bank of New York received service on October 21, 2008. The complaint contains two counts. Count One seeks a declaratory judgment as to the Bank of New York and Countrywide regarding the validity of a loan modification agreement. Count Two alleges a tort claim of intentional infliction of emotional distress against Countrywide.

Page 2 of 4

2. The complaint did not specify the amount of damages Plaintiffs sought, except that damages were in excess of the $15,000 jurisdictional requirement for filing in the Florida circuit court.

3. On October 30, 2008, Plaintiffs' attorney sent a letter to the attorney representing Countrywide and Bank of New York. In the letter, Plaintiffs expressed interest in settlement and suggested a value for the tort claim of approximately $200,000. On the declaratory judgment claim, Plaintiffs suggested a modification of the loan and mentioned a $93,000 third party second mortgage, but stated that the $93,000 was to be added on to the modified first mortgage,[1] making it unclear what the value of the modification would be.

4. Defendants requested clarification. By letter dated November 17, 2008, Plaintiffs clarified that reduction of principal on the first mortgage could be problematic, so they were seeking payment by Defendants of the $93,000 second mortgage instead. The $93,000 would not be added to the principal owing on the first mortgage.

5. Defendants filed their notice of removal on December 17, 2008, within thirty days of the clarification letter.

---

[1] The letter states:
First, Countrywide and its principal must modify the existing first mortgage by a reduction of approximately 20–25 percent thus effecting a payoff of a third party second mortgage of approximately $93,000 <u>and adding this payoff to the modified first mortgage.</u>
Doc. 6-2 (emphasis supplied).

6.	Under Title 28, United States Code, Section 1446(b), a defendant seeking to remove a case from state to federal court must file a notice of removal within thirty days of receipt of any document that "unambiguously establishe[s] federal jurisdiction."  Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 (11th Cir. 2007)   In a case with multiple defendants, each defendant has a thirty-day period to remove, even if another defendant failed to do so within its own thirty-day period.  Bailey v. Janssen Pharmaceutica, Inc., 536 F.3d 1202 (11th Cir. 2008).

7.	Because the complaint in this case did not specify the amount of damages sought, Defendants are relying on "other paper" to establish that the damages exceed the $75,000 threshold for diversity jurisdiction.  See Lowery, 483 F.3d at 1213 n.63 (11th Cir. 2007) (explaining that a defendant runs a serious risk of violating Rule 11 by filing a notice of removal for diversity jurisdiction based solely on a pleading containing unspecified damages).

8.	Contrary to Plaintiffs' argument, their letter of October 30, 2008, was not sufficient to notify the Bank of New York that the mortgage modification claim had a value of at least $93,000.

9.	The language of the October 30, 2008 letter suggests a refinancing of two mortgages into one new mortgage, whereby Defendants pay off the $93,000 second mortgage and add the $93,000 to the first mortgage.

10.	When Plaintiffs clarified in their letter dated November 17, 2008,

that the settlement they proposed did have the $93,000 being added to the first mortgage, Defendant Bank of New York became aware that Plaintiffs valued the modification claim at $93,000 or more.

11. The Bank of New York filed its notice of removal within thirty days of the clarification. The clarification was the first document the Bank of New York received that unambiguously established federal jurisdiction for the claim against it. Accordingly, the notice of removal was timely.

Based on the foregoing, it is

ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (doc. 3) is denied.

DONE AND ORDERED this 21st day of April, 2009.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge